UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRYAN O'NEAL, | ) | |
|       Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:06-cv-1258-SEB-VSS |
| | ) | |
| BETTY WEIST, | ) | |
| | ) | |
|       Respondent. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The petitioner's filing of September 13, 2005, identifies Betty Weist as the parole representative to whom he reports. Ms. Weist, named in her official capacity only, is the sole proper respondent in this action and is **substituted** as such.

2.  The Entry of August 29, 2006, directed the petitioner, who is on parole after having served the executed portion of a sentence imposed by an Indiana state court, to supplement his petition for a writ of habeas corpus by identifying what steps he has taken to exhaust available state court remedies with respect to his contention that his sentence has expired or why such efforts should not be required in his case. These directions were issued in conjunction with the preliminary review of his habeas petition pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court* and consistent with the rule that "[f]ederal habeas relief is not available if the petitioner has not exhausted his state court remedies." *Simpson v. Battaglia,* 458 F.3d 585, 595 (7th Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)(A)).

    a.  The petitioner has responded with his filing of September 13, 2006. In that document, he states that there are no state court remedies to exhaust. He rests this view on the assertion that a period of parole was not part of his sentence and that the imposition of parole could therefore not be appealed as part of the sentence.

    b.  The petitioner's view overlooks the trees for the forest. He is on parole and contends that this is illegal. He contends that the parole is not part of his sentence and that his sentence has expired through a combination of time spent in custody of the Indiana Department of Correction and earned "good time" under Indiana statute.

  c. The critical feature of the petitioner's claim is his contention that his sentence has expired, yet he remains in a form of custody relating to that sentence. Such a claim can in fact be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief."). The petitioner does not claim that he has made such an effort or that it would be futile for him to do so. This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

  3. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing the petitioner to proceed with his claims in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: 09/27/2006

*(signature)*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana